Corrina G. Freedman (State Bar No. 274438)
corrina.freedman@lw.com
**LATHAM & WATKINS LLP**
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone:   (213) 485-1234
Facsimile:    (213) 891-8763

Mark S. Mester (*pro hac vice*)
mark.mester@lw.com
Kathleen P. Lally (*pro hac vice*)
kathleen.lally@lw.com
**LATHAM & WATKINS LLP**
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
Telephone:   (312) 876-7700
Facsimile:    (312) 993-9767

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## (WESTERN DIVISION)

| | |
|---|---|
| THOMAS FLOWERS, On Behalf of Himself and All Others Similarly Situated, <br><br>                    Plaintiffs, <br><br>          vs. <br><br> SCHIFF NUTRITION, SCHIFF NUTRITION INTERNATIONAL INC., SCHIFF NUTRITION GROUP, INC., RECKITT BENCKISER PHARMACEUTICALS INC., and RECKITT BENCKISER NORTH AMERICA, LLC, <br><br>                    Defendants. | Case No. 2:13-cv-09406-MWF-MRW <br><br> <u>CLASS ACTION</u> <br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendants Schiff Nutrition, Schiff Nutrition International Inc., Schiff Nutrition Group, Inc., Reckitt Benckiser Pharmaceuticals Inc. and Reckitt Benckiser North America, LLC (collectively, "Defendants"), as and for their Answer and Affirmative Defenses to the Class Action Complaint of Plaintiff Thomas Flowers ("Plaintiff"), state as follows:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

1.     In response to the allegations of Paragraph 1, Defendants admit that Plaintiff and his attorneys purport to bring this Complaint as a "class action [on] behalf of himself and similarly-situated others who purchased health supplements containing glucosamine and/or chondroitin manufactured and marketed by Defendants . . . and sold under the brand name 'Move Free.'"  Defendants deny that class treatment of Plaintiff's claims is appropriate and that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 1.

2.     In response to the allegations of Paragraph 2, Defendants admit that they and/or certain of their affiliates manufacture and market vitamins, nutritional supplements, and sports nutrition products.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 2.

3.     In response to the allegations in Paragraph 3, Defendants admit that the vitamins, nutritional supplements and sports nutrition products manufactured by them and/or certain of their affiliates are sold in retail stores in various states, including in California.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 3.

4.     In response to the allegations in Paragraph 4 and Footnote 1, Defendants admit that they and/or certain of their affiliates manufacture, market and sell joint health dietary supplements under the brand "Move Free," which is available in three different formulas: (1) Move Free® Advanced Triple Strength, (2) Move Free® Advanced Triple Strength Plus MSM & Vitamin D and (3) Move Free® Advanced Plus MSM (collectively, the "Move Free® Advanced Products"). Defendants further admit that glucosamine and chondroitin sulfate are generally ingredients in the Move Free® Advanced Products.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 4 and Footnote 1.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

**5.**      In response to the allegations in Paragraph 5, Defendants admit that glucosamine and chondroitin sulfate are generally ingredients in the Move Free® Advanced Products.  The individual advertising and marketing for the Move Free® Advanced Products speak for themselves, and to the extent that the allegations in Paragraph 5 vary therefrom, Defendants deny those allegations.  Defendants deny that any advertising or marketing for the Move Free® Advanced Products was "uniform."  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 5.

**6.**      In response to the allegations of Paragraph 6 and Footnote 2, Defendants admit that the Move Free® Advanced Products are joint health dietary supplements.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 and Footnote 2 regarding the "most common symptoms of osteoarthritis," and on that basis, deny those allegations.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 6 and Footnote 2.

**7.**      In response to the allegations in Paragraph 7, Defendants deny all allegations therein.

**8.**      In response to the allegations in Paragraph 8 and Footnote 3, Defendants state that the materials referenced in Paragraph 8 and Footnote 3 speak for themselves, and to the extent that the allegations in Paragraph 8 and Footnote 3 vary therefrom or from the entirety of the referenced study and/or reports, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 8 and Footnote 3.

**9.**      In response to the allegations in Paragraph 9, Defendants deny all allegations therein.

**10.**      In response to the allegations in Paragraph 10, Defendants deny all allegations therein.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

3

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

**11.** In response to the allegations in Paragraph 11, Defendants deny all allegations therein and specifically deny (a) that class treatment of Plaintiff's claims is appropriate; (b) that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification; and (c) that Plaintiff and members of the proposed class are entitled to any relief whatsoever, including but not limited to the relief requested in Plaintiff's Complaint.

**12.** In response to the allegations in Paragraph 12, Defendants admit that Plaintiff purports to bring "this action on behalf of himself and all other similarly situated consumers in California." Defendants further admit that Plaintiff purports to seek injunctive and monetary relief. Defendants deny that class treatment of Plaintiff's claims is appropriate and that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification. Defendants further deny that they have engaged in any wrong-doing whatsoever, including but not limited to making false and misleading statements, violating California's unfair competition law and breaching express warranties. Defendants further deny that Plaintiff and members of the proposed class are entitled to any relief whatsoever, including but not limited to the relief requested in Plaintiff's Complaint. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 12.

**13.** In response to the allegations in Paragraph 13, Defendants admit that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and that jurisdiction would appear to be properly established for this suit. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 13.

**14.** In response to the allegations of Paragraph 14, Defendants admit the allegations therein.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

4

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

15. In response to the allegations in Paragraph 15, Defendants admit that Plaintiff purports to establish that venue is proper under 28 U.S.C. §§ 1391(a) and (b) and 18 U.S.C. § 1965(a). Defendants further admit that they transact business within California. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 regarding the residence of Plaintiff and members of the proposed class, and on that basis, deny those allegations. Defendants deny that they have engaged in misleading advertising in this District or anywhere else. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 15.

16. In response to the allegations in Paragraph 16, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and on that basis, deny those allegations. Defendants further deny that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in Plaintiff's Complaint. Defendants deny any and all remaining allegations in Paragraph 16.

17. In response to the allegations in Paragraph 17, Defendants admit that they and/or certain of their affiliates manufacture, market and sell the Move Free® Advanced Products throughout the United States. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 17.

18. In response to the allegations in Paragraph 18 and Footnote 4, Defendants admit that Plaintiff's Complaint purports to concern the Move Free® Advanced Products manufactured, marketed and sold by them and/or certain of their affiliates. Defendants further admit that the Move Free® Advanced Products come in different dosages and sizes. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 18 and Footnote 4.

19. In response to the allegations in Paragraph 19, Defendants admit that they and/or certain of their affiliates market the Move Free® Advanced Products.

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

5

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 19.

20.     In response to the allegations in Paragraph 20, Defendants state that the material referenced in Paragraph 20 speaks for itself, and to the extent that the allegations in Paragraph 20 vary therefrom, Defendants deny those allegations. Defendants deny any and all remaining allegations in Paragraph 20.

21.     In response to the allegations in Paragraph 21, Defendants admit that glucosamine and chondroitin sulfate are generally ingredients in the Move Free® Advanced Products.  Defendants further admit that glucosamine is an amino sugar that the body produces and distributes in cartilage and other connective tissue. Defendants further admit that chondroitin sulfate is a sulfated glycosaminoglycan found in the body's connective tissues.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 21.

22.     In response to the allegations in Paragraph 22, Defendants deny all allegations therein.

23.     In response to the allegations in Paragraph 23, Defendants deny all allegations therein.

24.     In response to the allegations in Paragraph 24, Defendants state that the packaging and labeling for the Move Free® Advanced Products speak for themselves, and to the extent that the allegations in Paragraph 24 vary therefrom, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 24.

25.     In response to the allegations in Paragraph 25, Defendants deny all allegations therein.

26.     In response to the allegations in Paragraph 26, Defendants deny all allegations therein.

27.     In response to the allegations in Paragraph 27, Defendants state that the material referred to in Paragraph 27 speaks for itself, and to the extent that the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

allegations in Paragraph 27 vary therefrom or from the entirety of the referenced study and/or reports, Defendants deny those allegations. Defendants deny any and all remaining allegations in Paragraph 27.

28.  In response to the allegations in Paragraph 28, Defendants state that the material referred to in Paragraph 28 speaks for itself, and to the extent that the allegations in Paragraph 28 vary therefrom or from the entirety of the referenced studies and/or reports, Defendants deny those allegations. Defendants deny any and all remaining allegations in Paragraph 28.

29.  In response to the allegations in Paragraph 29 and Footnote 5, Defendants state that the materials referred to in Paragraph 29 and Footnote 5 speak for themselves, and to the extent that the allegations in Paragraph 29 and Footnote 5 vary therefrom or from the entirety of the referenced study and/or reports, Defendants deny those allegations. Defendants deny any and all remaining allegations in Paragraph 29 and Footnote 5.

30.  In response to the allegations in Paragraph 30, Defendants state that the GAIT studies, their conclusions and any other unnamed "reported results of other studies" speak for themselves, and to the extent that the allegations in Paragraph 30 vary therefrom or from the entirety of those studies and/or reports, Defendants deny those allegations. Defendants deny any and all remaining allegations in Paragraph 30.

31.  In response to the allegations in Paragraph 31, Defendants state that the material referred to in Paragraph 31 speaks for itself, and to the extent that the allegations in Paragraph 31 vary therefrom or from the entirety of the referenced study and/or report, Defendants deny those allegations. Defendants deny any and all remaining allegations in Paragraph 31.

32.  In response to the allegations in Paragraph 32, Defendants state that the material referred to in Paragraph 32 speaks for itself, and to the extent that the allegations in Paragraph 32 vary therefrom or from the entirety of the referenced

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

study and/or report, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 32.

33.     In response to the allegations in Paragraph 33, Defendants state that the material referred to in Paragraph 33 speaks for itself, and to the extent that the allegations in Paragraph 33 vary therefrom or from the entirety of the referenced study and/or report, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 33.

34.     In response to the allegations in Paragraph 34, Defendants state that the material referred to in Paragraph 34 speaks for itself, and to the extent that the allegations in Paragraph 34 vary therefrom or from the entirety of the studies and/or reports being summarized, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 34.

35.     In response to the allegations in Paragraph 35, Defendants state that the material referred to in Paragraph 35 speaks for itself, and to the extent that the allegations in Paragraph 35 vary therefrom or from the entirety of the referenced studies and/or reports, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 35.

36.     In response to the allegations in Paragraph 36, Defendants state that the materials referred to in Paragraph 36 speak for themselves, and to the extent that the allegations in Paragraph 36 vary therefrom or from the entirety of the referenced studies and/or reports, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 36.

37.     In response to the allegations in Paragraph 37, Defendants do not answer for "Doctor's Best."  Defendants deny any and all remaining allegations in Paragraph 37.

38.     In response to the allegations in Paragraph 38, Defendants state that the material referred to in Paragraph 38 speaks for itself, and to the extent that the allegations in Paragraph 38 vary therefrom or from the entirety of the referenced

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

study and/or reports, Defendants deny those allegations. Defendants deny any and all remaining allegations in Paragraph 38.

39.     In response to the allegations in Paragraph 39, Defendants state that the material referred to in Paragraph 39 speaks for itself, and to the extent that the allegations in Paragraph 39 vary therefrom or from the entirety of the referenced study and/or report, Defendants deny those allegations. Defendants deny any and all remaining allegations in Paragraph 39.

40.     In response to the allegations in Paragraph 40, Defendants deny all allegations therein.

41.     In response to the allegations in Paragraph 41, Defendants deny all allegations therein.

42.     In response to the allegations in Paragraph 42, Defendants deny all allegations therein.

43.     In response to the allegations in Paragraph 43, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 regarding Plaintiff's purchases and consumption as well as Plaintiff's consideration of any advertising or marketing, and on that basis, denies those allegations. Defendants deny any and all remaining allegations in Paragraph 43.

44.     In response to the allegations in Paragraph 44, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 regarding the reasons Plaintiff and members of the proposed class purchased the Move Free® Advanced Products, and on that basis, denies those allegations. Defendants deny any and all remaining allegations in Paragraph 44 and specifically deny that class treatment of Plaintiff's claims is appropriate and that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

**45.**     In response to the allegations in Paragraph 45, Defendants deny all allegations therein and specifically deny (a) that class treatment of Plaintiff's claims is appropriate; (b) that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification; and (c) that Plaintiff and members of the proposed class are entitled to any relief whatsoever, including but not limited to the relief requested in Plaintiff's Complaint.

**46.**     In response to the allegations in Paragraph 46, Defendants deny all allegations therein.

**47.**     In response to the allegations in Paragraph 47, Defendants admit that Plaintiff purports to bring this Complaint on behalf of the class identified in Paragraph 47.  Defendants deny that class treatment of Plaintiff's claims is appropriate and that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 47.

**48.**     In response to the allegations in Paragraph 48, Defendants admit that Plaintiff purports to reserve the right to modify or amend the class definition stated in Paragraph 47.  Defendants deny that class treatment of Plaintiff's claims is appropriate and that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 48.

**49.**     In response to the allegations in Paragraph 49, Defendants deny all allegations therein and specifically deny that class treatment of Plaintiff's claims is appropriate.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

**50.**     In response to the allegations in Paragraph 50, Defendants deny all allegations therein and specifically deny that class treatment of Plaintiff's claims is appropriate.

**51.**     In response to the allegations in Paragraph 51, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 regarding Plaintiff, his purchases and his membership in the proposed class, and on that basis, deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 51 and specifically deny that class treatment of Plaintiff's claims is appropriate.

**52.**     In response to the allegations in Paragraph 52, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 regarding Plaintiff and his counsel, and on that basis, deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 52 and specifically deny that class treatment of Plaintiff's claims is appropriate.

**53.**     In response to the allegations in Paragraph 53, Defendants deny all allegations therein and specifically deny that class treatment of Plaintiff's claims is appropriate.

**54.**     In response to the allegations in Paragraph 54, Defendants deny all allegations therein and specifically deny that class treatment of Plaintiff's claims is appropriate.

**55.**     In response to the allegations in Paragraph 55, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 regarding Plaintiff's knowledge, and on that basis, deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 55 and specifically deny that class treatment of Plaintiff's claims is appropriate.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

1  **56.**    In response to the allegations in Paragraph 56, Defendants deny all

2  allegations therein and specifically deny that class treatment of Plaintiff's claims is

3  appropriate.

4  **57.**    In response to the allegations in Paragraph 57, Defendants deny all

5  allegations therein and specifically deny that class treatment of Plaintiff's claims is

6  appropriate.

7  **58.**    In response to the allegations in Paragraph 58, Defendants deny all

8  allegations therein and specifically deny that class treatment of Plaintiff's claims is

9  appropriate.

10  **59.**    In response to the allegations in Paragraph 59, Defendants repeat and

11  restate the answers set forth above as if fully stated herein.

12  **60.**    In response to the allegations in Paragraph 60, Defendants deny all

13  allegations therein.

14  **61.**    In response to the allegations in Paragraph 61, Defendants deny all

15  allegations therein.

16  **62.**    In response to the allegations in Paragraph 62, Defendants deny all

17  allegations therein.

18  **63.**    In response to the allegations in Paragraph 63, Defendants deny all

19  allegations therein and specifically deny (a) that class treatment of Plaintiff's

20  claims is appropriate; (b) that the definition and description of the proposed class

21  are appropriate or otherwise meet the applicable requirements for class

22  certification; and (c) that Plaintiff and members of the proposed class are entitled

23  to any relief whatsoever, including but not limited to the relief requested in

24  Plaintiff's Complaint.

25  **64.**    In response to the allegations in Paragraph 64, Defendants repeat and

26  restate the answers set forth above as if fully stated herein.

27  **65.**    In response to the allegations in Paragraph 65, Defendants deny all

28  allegations therein.

LATHAM&WATKINS‍LLP
ATTORNEYS AT LAW
LOS ANGELES

12

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

**66.** In response to the allegations in Paragraph 66, Defendants deny all allegations therein.

**67.** In response to the allegations in Paragraph 67, Defendants deny all allegations therein.

**68.** In response to the allegations in Paragraph 68, Defendants deny all allegations therein.

**69.** In response to the allegations in Paragraph 69, Defendants deny all allegations therein.

**70.** In response to the allegations in Paragraph 70, Defendants deny all allegations therein.

**71.** In response to the allegations in Paragraph 71, Defendants deny all allegations therein and specifically deny (a) that class treatment of Plaintiff's claims is appropriate; (b) that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification; and (c) that Plaintiff and members of the proposed class are entitled to any relief whatsoever, including but not limited to the relief requested in Plaintiff's Complaint.

**72.** In response to the allegations in Paragraph 72, Defendants repeat and restate the answers set forth above as if fully stated herein.

**73.** In response to the allegations in Paragraph 73, Defendants admit that Plaintiff purports to plead a cause of action for unjust enrichment in the alternative. Defendants deny that Plaintiff and members of the proposed class are entitled to any relief whatsoever, including but not limited to the relief requested in Plaintiff's Complaint.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 73.

**74.** In response to the allegations in Paragraph 74, Defendants deny all allegations therein.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

**75.**     In response to the allegations in Paragraph 75, Defendants deny all allegations therein and specifically deny (a) that class treatment of Plaintiff's claims is appropriate; (b) that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification; and (c) that Plaintiff and members of the proposed class are entitled to any relief whatsoever, including but not limited to the relief requested in Plaintiff's Complaint.

**[Paragraph entitled "Prayer for Relief"]**  In response to the allegations in the Prayer for Relief, Defendants deny the allegations in the Prayer for Relief and specifically deny (a) that class treatment of Plaintiff's claims is appropriate; (b) that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification; and (c) that Plaintiff and members of the proposed class are entitled to any relief whatsoever, including but not limited to the relief requested in Plaintiff's Complaint.

**[Paragraph entitled "Jury Demand"]**  In response to the allegations in the Demand for Jury Trial, Defendants admit that Plaintiff purports to demand a jury trial for his claims.  Defendants deny any and all remaining allegations in the Demand for Jury Trial.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's alleged claims for relief, Defendants allege as follows.  By setting forth the following allegations and defenses, however, Defendants do not assume the burden of proof on matters and issues other than those on which Defendants have the burden of proof as a matter of law.

## First Affirmative Defense

### (Settlement)

**76.**     A putative class action involving the same or similar claims and products has been pending in the United States District Court for the Southern

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

District of California for nearly three years, namely, <u>Lerma, et al. v. Schiff</u>, Case No. 3:11-cv-01056-CAB-MDD (S.D. Cal. filed May 13, 2011).  The proposed classes in <u>Lerma</u> subsume the proposed class in this case.  The parties in <u>Lerma</u> reached agreement on the terms of a class settlement, subject to agreement on a written settlement agreement and preliminary and final approval by the court in <u>Lerma</u>, and are moving for preliminary approval in the near future.  If the proposed settlement in <u>Lerma</u> is approved by the court, however, it will serve to bar the claims of Plaintiff and the proposed class in this case.

## Second Affirmative Defense

### (Statute of Limitations)

**77.**     Defendants are informed and believe, and on that basis allege, that the claims of Plaintiff and/or of the members of the proposed class are barred, in whole or in part, by the applicable statute of limitations.

## Third Affirmative Defense

### (Laches)

**78.**     Defendants are informed and believe, and on that basis allege, that because of delay by Plaintiff and/or members of the proposed class in asserting their alleged claims, such claims are barred, in whole or in part, by the equitable doctrine of laches.

## Fourth Affirmative Defense

### (Estoppel)

**79.**     Defendants are informed and believe, and on that basis allege, that by reason of the conduct of Plaintiff and/or members of the proposed class, the purported claims for relief alleged in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

15

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

## Fifth Affirmative Defense

### (Waiver)

80.     Defendants are informed and believe, and on that basis allege, that by reason of the conduct of Plaintiff and/or members of the proposed class, the purported claims for relief alleged in the Complaint are barred, in whole or in part, by the doctrine of waiver.

## Sixth Affirmative Defense

### (Unclean Hands)

81.     Defendants are informed and believe, and on that basis allege, that by reason of the conduct of Plaintiff and/or members of the proposed class, the purported claims for relief alleged in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

## Seventh Affirmative Defense

### (Preemption)

82.     Defendants' actual actions, business practices, and representations are proper under relevant federal regulations, and therefore, the claims of Plaintiff and/or the members of the proposed class are preempted by the doctrine of preemption and the Supremacy Clause of the United States Constitution.

## Eighth Affirmative Defense

### (Class Action Improper)

83.     Class treatment is inappropriate for this action because, inter alia, Plaintiff is not an adequate representative, Plaintiff's claims are not typical or common of claims of proposed class members, the claims of Plaintiff and members of the proposed class are subject to unique facts and defenses (such as individual purchasing decisions), common questions of law and fact do not predominate over any common issues, class treatment is not superior to other available methods of determining the controversy and a class action would be unmanageable.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

1  Moreover, certification of the proposed class would result in the denial of due

2  process to Defendants as well as to the proposed class.

3  ### Ninth Affirmative Defense

4  ### (UCL – No Relief)

5  **84.**  The claims of Plaintiff and/or the members of the proposed class for

6  relief under California's Unfair Competition Law is barred, in whole or in part,

7  because Plaintiff seeks relief to which he is not entitled under the law.

8  ### Tenth Affirmative Defense

9  ### (Safe Harbor)

10  **85.**  The claims of Plaintiff and/or the members of the proposed class are

11  barred, in whole or in part, by the doctrine set forth in <u>Cel-Tech Communications,</u>

12  <u>Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal. 4th 163 (1999).

13  ### Eleventh Affirmative Defense

14  ### (Conduct Not Unlawful)

15  **86.**  The claims of Plaintiff and/or the members of the proposed class are

16  barred, in whole or in part, because Defendants' conduct was not unlawful.

17  ### Twelfth Affirmative Defense

18  ### (Conduct Not Unfair)

19  **87.**  The claims of Plaintiff and/or the members of the proposed class are

20  barred, in whole or in part, because Defendants' conduct was not unfair.

21  ### Thirteenth Affirmative Defense

22  ### (No Fraud/Deception)

23  **88.**  The claims of Plaintiff and/or the members of the proposed class are

24  barred, in whole or in part, because none of Defendants' actions and/or statements

25  were likely to mislead the reasonable consumer, and Plaintiff and/or members of

26  the proposed class were not actually misled.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

## Fourteenth Affirmative Defense

### (No Misleading or Deceptive Advertising)

89.     The claims of Plaintiff and/or the members of the proposed class are barred, in whole or in part, because Defendants did not engage in any conduct that could constitute misleading or deceptive advertising.

## Fifteenth Affirmative Defense

### (No Reliance)

90.     Defendants are informed and believe, and on that basis allege, that the claims of Plaintiff and/or the members of the proposed class are barred, in whole or in part, because Plaintiff and/or members of the proposed class were not actually misled or deceived by and/or did not rely on any statements or omissions on the part of Defendants in deciding whether to purchase Move Free® Advance Products.

## Sixteenth Affirmative Defense

### (Prior Substantiation)

91.     The claims of Plaintiff and/or the members of the proposed class are barred, in whole or in part, because any statements, communications, advertising or any other representations alleged to have been made by Defendants regarding the Move Free® Advanced Products were supported by prior substantiation.

## Seventeenth Affirmative Defense

### (Adequate Remedy At Law)

92.     The claims of Plaintiff and/or the members of the proposed class for equitable relief are barred, in whole or in part, because Plaintiff and/or members of the proposed class have an adequate remedy at law.

## Eighteenth Affirmative Defense

### (No Legal Injury)

93.     Defendants are informed and believe, and on that basis allege, that to the extent that Plaintiff and/or members of the proposed class suffered no legal

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

1   injury, the claims of Plaintiff and/or the members of the proposed class are barred,

2   in whole or in part.

3   **Nineteenth Affirmative Defense**

4   **(Release)**

5   **94.**   Defendants are informed and believe, and on that basis allege, that to

6   the extent Plaintiff and/or members of the proposed class have released the claims

7   asserted in Plaintiff's Complaint, the claims of Plaintiff and/or the members of the

8   proposed class are barred, in whole or in part.

9   **Twentieth Affirmative Defense**

10   **(Prior Judgment)**

11   **95.**   Defendants are informed and believe, and on that basis allege, that to

12   the extent that Plaintiff and/or members of the proposed class have brought actions

13   and received judgments or awards on the claims asserted herein, the claims of

14   Plaintiff and/or the members of the proposed class are barred, in whole or in part.

15   **Twenty-First Affirmative Defense**

16   **(Accord and Satisfaction)**

17   **96.**   Defendants are informed and believe, and on that basis allege, that to

18   the extent that Plaintiff and/or members of the proposed class have resolved the

19   same or similar claims as that alleged in Plaintiff's Complaint, the claims of

20   Plaintiff and/or the members of the proposed class are barred, in whole or in part,

21   by the doctrine of accord and satisfaction.

22   **Twenty-Second Affirmative Defense**

23   **(Res Judicata/Collateral Estoppel)**

24   **97.**   Defendants are informed and believe, and on that basis allege, that to

25   the extent that Plaintiff and/or members of the proposed class have previously

26   litigated the same or similar claims as that alleged in Plaintiff's Complaint, the

27   claims of Plaintiff and/or the members of the proposed class are barred, in whole or

28   in part, by the doctrines of res judicata and/or collateral estoppel.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

19

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

1             **Twenty-Third Affirmative Defense**

2                 **(Comparative Fault)**

3        **98.**     Defendants are informed and believe, and on that basis allege, that to

4 the extent that any alleged injuries and damages of Plaintiff and/or members of the

5 proposed class were proximately caused, in whole or in part, by their own acts or

6 omissions or those of third parties, any recovery by Plaintiff and/or members of the

7 proposed class should be barred or reduced by an amount proportionate to the

8 amount by which their own conduct or that of third parties contributed to their

9 alleged injuries.

10             **Twenty-Fourth Affirmative Defense**

11                 **(Lack of Causation)**

12        **99.**     Defendants are informed and believe, and on that basis allege, that to

13 the extent that Defendants did not directly or proximately cause or contribute to

14 any damage, loss or injury allegedly sustained by Plaintiff and/or members of the

15 proposed class or that Plaintiff and/or members of the proposed class seek to

16 recover in this action, the claims of Plaintiff and/or the members of the proposed

17 class are barred, in whole or in part.

18             **Twenty-Fifth Affirmative Defense**

19          **(Intervening or Superseding Cause)**

20        **100.**    Defendants are informed and believe, and on that basis allege, that to

21 the extent that any damage, loss or injury allegedly sustained by Plaintiff and/or

22 members of the proposed class was directly or proximately caused by independent

23 intervening and superseding causes, the claims of Plaintiff and/or the members of

24 the proposed class are barred, in whole or in part.

25             **Twenty-Sixth Affirmative Defense**

26             **(Mitigation of Damages)**

27        **101.**    Defendants are informed and believe, and on that basis allege, that to

28 the extent that Plaintiff and/or members of the proposed class failed to mitigate

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

1  their damages, the claims of Plaintiff and/or the members of the proposed class are

2  barred, in whole or in part.

3  **Twenty-Seventh Affirmative Defense**

4  **(Speculative Damages)**

5  **102.**   Defendants are informed and believe, and on that basis allege, due to

6  the speculative and uncertain nature of the alleged damages, harm, injury, or loss,

7  the claims of Plaintiff and/or the members of the proposed class are barred, in

8  whole or in part.

9  **Twenty-Eighth Affirmative Defense**

10  **(Offset)**

11  **103.**   Defendants are informed and believe, and on that basis allege, that the

12  Complaint and the claim for damages and/or other monetary recovery by Plaintiff

13  and/or members of the proposed class must be offset and reduced by the value

14  received from the Move Free® Advanced Products that they allegedly purchased.

15  **Twenty-Ninth Affirmative Defense**

16  **(No Punitive Damages)**

17  **104.**   Defendants are informed and believe, and on that basis allege, that as

18  to the Complaint and the purported cause of action alleged therein, although

19  Defendants deny that they committed or are responsible for any act or omission

20  that could support the recovery of punitive damages in this action, if and to the

21  extent any such act or omission is found, recovery of such punitive damages

22  against Defendants are unconstitutional under the constitutions of the United States

23  and applicable state law.  Additionally, any applicable state law provisions

24  allowing the imposition of punitive damages may be facially unconstitutional or

25  unconstitutional as applied to the extent that:  (i) they deny equal protection of the

26  law by providing fewer protections for civil litigants than criminal statutes that

27  provide for the imposition of monetary fines; (ii) they allow for the imposition of

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

Defs.' Ans. and Aff. Defs. to
Pl.'s Class Action Compl.

1  an excessive fine; and/or (iii) they allow for the deprivation of property without

2  due process of law.

3  **<u>Other Affirmative Defenses</u>**

4  Defendants specifically give notice that they intend to rely upon such other

5  defenses as may become available by law, or pursuant to statute, or by virtue of

6  any proceedings in this case, and hereby reserves the right to amend their Answer

7  to assert such defenses.

8  **<u>PRAYER FOR RELIEF</u>**

9  WHEREFORE, Defendants pray as follows:

10  1.   That Plaintiff takes nothing by his Complaint and that the Complaint

11  be dismissed with prejudice;

12  2.   That Defendants be awarded their costs, disbursements and attorneys'

13  fees; and

14  3.   For such other and further relief as the Court deems just and proper.

15  DATED:  March 3, 2014          Respectfully submitted,

16

17

18                  By:  /s/Kathleen P. Lally
                         Kathleen P. Lally
19                       One of the attorneys for Defendants

20                  Corrina G. Freedman (State Bar No. 274438)
                    corrina.freedman@lw.com
21                  **LATHAM & WATKINS LLP**
                    355 South Grand Avenue
22                  Los Angeles, California 90071-1560
                    Telephone:    (213) 485-1234
23                  Facsimile:    (213) 891-8763

24                  Mark S. Mester (*pro hac vice*)
                    mark.mester@lw.com
25                  Kathleen P. Lally (*pro hac vice*)
                    kathleen.lally@lw.com
26                  **LATHAM & WATKINS LLP**
                    233 South Wacker Drive, Suite 5800
27                  Chicago, Illinois 60606
                    Telephone:    (312) 876-7700
28                  Facsimile:    (312) 993-9767

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

22                                          Defs.' Ans. and Aff. Defs. to
                                            Pl.'s Class Action Compl.

1

## PROOF OF SERVICE

2

    I am employed in the County of Cook, State of Illinois.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois, 60606.

3

4

    On March 3, 2014, I served the preceding document described as:

5

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

6

By serving true copies of the above-described document in the following manner:

7

## BY FEDEX

8

9

    I am familiar with the office practice of Latham & Watkins LLP for collecting and processing packages for delivery by FedEx, which practice is that when packages are deposited with the Latham & Watkins LLP personally responsible for depositing packages with FedEx, such packages are picked up by a representative of FedEx that same day in the ordinary course of business.

10

11

12

    Edwin J. Kilpela Jr. (pro hac pending)
    200 First Ave., Suite 300
    Pittsburg, PA 15222

13

    R. Bruce Carlson (pro hac pending)
    Stephanie Goldin (pro hac pending)
    Jamisen Etzel (pro hac pending)
    CARLSON LUNCH LTD
    PNC Park
    115 Federal St., Suite 201
    Pittsburg, PA 15212

14

15

16

17

18

## BY ELECTRONIC FILING

19

    I electronically filed the above-described document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

20

21

22

    I declare that I am permitted to practice before this Court and declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

23

24

    Executed on March 3, 2104, in Chicago, Illinois.

25

By:    /s/Kathleen P. Lally

26

    Kathleen P. Lally
    One of the attorneys for Defendants

27

28